required the *original* affidavit to be served, &c., and offered to open default on conditions, one of which was that judgment should stand as security, to which defendant's attorney refused to accede and insisted he was regular. It is not questioned that this was a case in which the plea should be sworn to under the rule.

A. K. HADLEY, *Defts Counsel.*      A. K. HADLEY, *Defts Atty.*

P. GANSEVOORT, *Plffs Counsel.*      S. HUBBARD, *Plffs Atty.*

BEARDSLEY, Justice.—If service of *copy* affidavit was not sufficient, then the default was regular, and defendant must be let in on terms, the judgment standing as security. The original affidavit should have been served, a copy was not a compliance with the rule (22 *Wend.,* 644, *note; Laws* 1840, *p.* 333, §7 ; 25 *Wend.,* 699). On payment of the costs of entering the default and all subsequent proceedings, including the costs of opposing this motion, the defendant may be let in to plead, the judgment standing as security.

Rule accordingly.

---

## HENRY HART vs. DANIEL McGARRY.

The advice of an attorney is not the advice of counsel on an affidavit of merits within the meaning of the rule.

*Motion to set aside default for not pleading and all subsequent proceedings, including the execution issued on the judgment with, costs, &c.—* The papers show that the proceedings are regular, and the only question is, whether the defendant can be let in on terms. The action is trespass ; the defendant's pecuniary circumstances are questionable, &c. The defendant in his affidavit states, "that he has fully and fairly stated the case in the above entitled cause *to* Samuel W. Jackson, Esq. his counsel in said cause, of Gilboa, in said county of Schoharie, and that this deponent has a good and substantial defence upon the merits thereof as he is advised by his said counsel," &c. It is shown by an opposing affidavit that Jackson is not a counsellor of this court, although he is an attorney.

S. P. NASH, *Defts Counsel.*      S. W. JACKSON, *Defts Atty.*

R. L. JOICE, *Plffs Counsel.*      D. K. OLNEY, *Plffs Atty.*

BEARDSLEY, Justice. The advice of an attorney is not the advice of counsel within the rule, and the motion must be denied. But the attorney may have been misled by what was said in 7 Wend., 513, and the denial is without prejudice to the right to renew the motion.

Rule accordingly.